IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2004

## MICHAEL G. UPSHAW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-25894    Carolyn Wade Blackett, Judge**

_____

**No. W2003-02820-CCA-R3-PC  - Filed December 8, 2004**

_____

The Appellant, Michael G. Upshaw, appeals the judgment of the Shelby County Criminal Court denying his petition for post-conviction relief. On appeal, Upshaw argues that he was denied the effective assistance of counsel at trial. After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Joshua B. Spickler, Memphis, Tennessee, for the Appellant Michael G. Upshaw.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; Gail Vermaas and Michelle Kimbril Parks, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In April of 1999, the Appellant was convicted of second degree murder by a Shelby County jury and sentenced to a term of twenty-four years as a violent offender. On direct appeal, this court found no error and affirmed the Appellant's conviction and sentence. *State v. Michael G. Upshaw*, No. W1999-00777-CCA-R3-CD (Tenn. Crim. App. at Jackson, Jan. 11, 2001).

In November of 1997, the victim, Sammy Thomasson, and a friend, Carmen Corum, drove to the intersection of Percy and Delta Streets in Memphis to purchase crack cocaine. The two had purchased drugs at this location previously, but were unsuccessful in their efforts on this occasion. The two were about to drive away when a car with several men in it approached and blocked their

vehicle's exit. Corum testified that a man stepped out of the car, approached their car, and ordered her and the victim to get out. When the victim attempted to put the car in reverse, the man raised a gun to the window and fired, fatally striking the victim in the head.

Mario Merritt, the driver of the vehicle which blocked the victim's vehicle and in which the Appellant was a passenger, testified at trial that the Appellant, "was armed with a pistol which he carried in the front of his pants [and] . . . that he then saw the Appellant walk to the driver's side of the victim's car and shoot the victim in the head." *Id*. During police questioning, the Appellant admitted that he shot the victim once, "by mistake," with a .38 caliber pistol.

In November of 2001, the Appellant filed a *pro se* petition for post-conviction relief, alleging that he was denied the effective assistance of counsel. Following appointment of counsel, an evidentiary hearing was held on August 28, 2003. The post-conviction court denied relief by written order on November 3, 2003. This timely appeal followed.

**Analysis**

In order to succeed on a post-conviction claim, the Appellant bears the burden of proving, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To succeed on a challenge of ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The Appellant is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields*, 40 S.W.3d at 458. Upon *de novo* review, accompanied by a presumption that the post-conviction court's findings are correct, this court must determine whether the Appellant received the effective assistance of counsel.

The Appellant argues that he received ineffective assistance of counsel in the following respects: (1) trial counsel failed to properly advise the Appellant with regard to release eligibility

during plea negotiations; (2) trial counsel failed to properly cross-examine witnesses; and (3) trial counsel "failed to provide 'adequate legal counsel' by encouraging Appellant to go to trial with no witnesses. . . ."

## I. Release Eligibility Advice

At the post-conviction hearing, trial counsel explained that she communicated the State's offer of fifteen years in exchange for a guilty plea to second degree murder to the Appellant. The Appellant agreed to the offer, and trial counsel prepared the plea agreement form, which reflected service of the sentence at 30% as a Range 1 offender. Trial counsel was then reminded by the prosecutor that second degree murder was classified as a violent crime which required service at 100%. The Appellant was advised of the mistake, and as a result, rejected the State's plea offer and requested that his case proceed to trial. Because we find that the mistake was corrected, no prejudice is shown.

## II. Failure to Properly Cross-Examine Witnesses

The Appellant contends that trial counsel failed to properly cross-examine Mario Merritt, Karen Corum, and "two other witnesses" who are not identified. He asserts that trial counsel should have cross-examined "Mario Merritt [who] testified that Appellant didn't shoot the victim." The proof at trial, however, clearly established that Merritt identified the Appellant as the shooter. With regard to Corum, the proof at trial established that Corum was unable to identify the Appellant as the person who shot the victim. Thus, it is unclear what further benefit could have been obtained from cross-examination of this witness, nor does the Appellant provide any suggestion in his brief. The post-conviction court found that the extent or absence of cross-examination of the various State's witnesses by trial counsel was governed by chosen trial strategy. The facts do not preponderate against this finding.

## III. "[ E]ncouraging Appellant to go to Trial"

Finally, the Appellant argues that trial counsel "failed to provide adequate legal counsel by encouraging the Appellant to go to trial with no witnesses despite the State's proof and instead of pleading guilty to the negotiated plea offer." First, we are constrained to note that nowhere in the record does the proof indicate that trial counsel "encouraged Appellant to go to trial." On the contrary, the record is clear that the Appellant, at the trial level, advised the trial court that it was his desire to "proceed and go to trial." Moreover, at the post-conviction hearing, the Appellant testified that he chose to go to trial because the State "didn't have enough evidence against [him]." For these reasons, we find Appellant's allegation of deficient performance without merit.

## CONCLUSION

In reviewing an ineffectiveness claim, we are required to consider the totality of the evidence presented at trial. *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069. Thus, we examine not only what trial counsel failed to do, but what counsel did do. As such, our focus is upon the adequacy or inadequacy of trial counsel's performance from counsel's perspective at the time, not from the distorting effects of hindsight. *Id.* at 689, 104 S. Ct. at 2065. Moreover, our review is highly deferential. After review, we find that trial counsel for the Appellant was functioning as "counsel guaranteed" the Appellant by the Sixth Amendment and further find that the trial did not produce an unreliable or unjust result. Accordingly, the judgment of the post-conviction court denying relief to the Appellant is affirmed.

_____

DAVID G. HAYES, JUDGE